UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| MATTHEW SIANO, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v <br><br> WILLIAMS & FUDGE, INC. AND STUDENT LOAN SOLUTIONS, LLC, <br><br> Defendants. | Civil Action, File No. <br> 1:19-CV-0480 (GLS/DEP) |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Matthew Siano [hereinafter "Siano"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Williams & Fudge, Inc. ("W&F"), and Student Loan Solutions, LLC ("SLS") and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Siano is a natural person who resides at 29 Millbrook Road, Wallkill, NY 12589.

6. Siano is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On April 23, 2018, W&F, on behalf of SLS, sent Siano the email annexed as Exhibit A. Siano received and read Exhibit A. For the reasons set forth below, Siano's receipt and reading of Exhibit A deprived Siano of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, W&F, on behalf of SLS, sent Exhibit A to Siano in an attempt to collect a past due debt.

9. Per Exhibit B, the past due debt set forth in Exhibit A was based on Bank of America, N.A. giving Plaintiff, as an individual, a student loan for his individual use.

10. Per Exhibit A, Bank of America, N.A. subsequently sold, transferred, or assigned this loan to SLS.

11. Subsequently, per Exhibit A, Siano, as an individual, failed to pay back this student loan to SLS.

12. W&F, on behalf of SLS, via Exhibit A, attempted to collect this past due debt from Siano in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.

13. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. W&F is a South Carolina Domestic Corporation and a New York Foreign Business Corporation.

15. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015).

16. W&F possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

17. W&F also sent Siano Exhibit C in an attempt to collect the same debt as set forth in Exhibit A. On Exhibit C, W&F sets forth that it is a debt collector attempting to collect an alleged debt. Exhibit A, contain disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

18. Based upon Exhibit A and Exhibit C and upon W&F possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of W&F is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

19. Based upon the allegations in the above four paragraphs, W&F is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. SLS is a South Carolina Limited Liability Company and a New York Foreign Limited Liability Company.

21. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs.

22. SLS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

23. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

24. Upon information and belief, based in part on Exhibit A and Exhibit C, SLS's business consists entirely of taking assignment of student loans originated by a bank, hiring servicers to service these loans and collect the payments due on these loans, and, upon a person's default on the repayment of these loans, hiring agents, attorneys, and/or third-party debt collectors to attempt to collect these defaulted loans.

25. If the aforementioned agents, attorneys, and/or third-party debt collectors hired to attempt to collect the aforementioned purchased defaulted loans are able to obtain payment, the payments are made payable to SLS and/or are received on behalf of or for the benefit of SLS.

26. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), in 2019, SLM has been the plaintiff in ten consumer debt collection lawsuits where the lawsuit alleged that SLM took assignment of the loan.

27. Based upon Exhibit A, Exhibit C, and the above allegations, the principal purpose of SLS is the collection of debts using the instrumentalities of interstate commerce, including

mails and telephone; and therefore, SLS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

29. Siano resides in New York; and if SLS had commenced a legal action to collect the debt set forth in Exhibit A, SLS would have or would have been required to commenced the legal action in New York

30. The statute of limitations for the commencement of any such legal action in New York would be determined under the borrowing statute of New York.

31. New York's borrowing statute, NY CPLR 202, requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued; and if the claimed injury is an economic one, the cause of action typically accrues where the original creditor resides and sustains the economic impact of the loss.

32. As shown by Exhibit D, Bank of America, N.A. is National Bank which has its headquarters in North Carolina

33. Bank of America, N.A.'s corporate parent, Bank of America Corporation is a Delaware Domestic Corporation with its principal executive offices in North Carolina.

34. Based on the above, the economic impact of the loss to Bank of America, N.A. was in North Carolina or Delaware.

35. The applicable statute of limitations in North Carolina and Delaware is 3 years.

36. Per Exhibit B, the last payment Siano made to repay the debt set forth in Exhibit A and Exhibit C was on November 22, 2013.

37. Based on the aforementioned last payment date and North Carolina and Delaware's three year statute of limitations, Siano breached or defaulted on his agreement to repay the loan sometime in December 2013 at the latest, and any legal action brought in New York to collect the debt set forth in Exhibit A expired sometime in December 2016 at the latest.

38. W&F, on behalf of SLS, sent Exhibit A on April 23, 2018 and Exhibit C on May 9, 2018; and therefore, W&F, on behalf of SLS, sent Exhibit A and Exhibit C subsequent to the expiration of the aforementioned statute of limitations.

39. Neither Exhibit A or Exhibit C advises Siano that the statute of limitations on the commencement of a legal action to collect the debt had expired, does not advise Siano that SLS would not commence a legal action to attempt to recover the debt, and does not advise Siano that making any type of payment could result in the renewal of the statute of limitations.

40. Instead, at the bottom of Exhibit A, W&F set forth the following statements:

> "Matthew, Your account meets the relevant criteria for Student Loan Solutions to file a lawsuit in an effort to recover the amount due. The creditor has advised me that is their intention with your account. In the meantime, if you are interested in resolving the account, SLS will consider a settlement or reasonable payment arrangements, which is their preference. If the account is not in repayment within 60 days from the date of our conversation, your account will be transferred to the appropriate department, so it can be sent to a law firm for litigation."

41. For the above reasons, Defendants violated 15 USC 1692e, 15 USC 1692e (2)(A), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f as a result of W&F sending Exhibit A and/or Exhibit C to Siano.

## SECOND CAUSE OF ACTION-CLASS CLAIM

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

43. Upon information and belief, based upon a review of another collection letter sent to a different consumer, W&F does not review whether or not the statute of limitations on the commencement of a legal action to collect the debt had expired prior to communicating with a consumer to attempt to collect a debt or in connection with the collection of a debt.

44. Upon information and belief, based upon a review of another collection letter sent to a different consumer, SLS does not review whether or not the statute of limitations on the commencement of a legal action to collect the debt had expired prior to retaining a third-party debt collector to attempt to collect a debt.

45. As a result of the aforementioned absence of review, Defendants violated 15 USC 1692f as a result of W&F sending Exhibit A and/or Exhibit C to Siano.

## THIRD CAUSE OF ACTION-CLASS CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

47. Exhibit A was W&F's initial communication with Siano.

48. Exhibit A does not contain the information required by 15 USC § 15 USC § 1692g(a).

49. As a result of the above omission, Defendants violated 15 USC § 15 USC § 1692g(a) as a result of W&F sending Exhibit A to Siano.

### FOURTH CAUSE OF ACTION-CLASS CLAIM

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

51. Defendants violated 15 USC 1692c(b) as a result of W&F sending Exhibit A to Siano.

### FIFTH CAUSE OF ACTION-CLASS CLAIM

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

53. Exhibit A and/or Exhibit C amounted to a false, deceptive or misleading means in connection with the collection of a debt by Defendants in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 USC 1692e(10).

### SIXTH CAUSE OF ACTION-CLASS CLAIM

54. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

55. Exhibit A and/or Exhibit C amounted to an unfair or unconscionable means to collect or attempt to collect a debt by Defendants in violation of 15 USC 1692f.

### SEVENTH CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of this Complaint.

57. Defendants violated 15 USC 1692g as a result of W&F sending Exhibit A and/or Exhibit C to Siano.

### CLASS ALLEGATIONS

58. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

59. The class consist of (a) all natural persons (b) who received a letter from W&F on behalf of SLS dated between April 23, 2018 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A and/or Exhibit C.

60. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

61. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

62. The predominant common question is whether Defendant's letters violate the FDCPA.

63. Plaintiff will fairly and adequately represent the interests of the class members.

64. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

65. A class action is the superior means of adjudicating this dispute.

66. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in the amount of $500,000, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      April 23, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107